# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE LAVELL KIRKSEY,<br><br>                Plaintiff,<br><br>v.<br><br>C.O. ANTHONY MATUSHAK,<br>MICHAEL COLE, SGT. JOSHUA<br>GOMM, and MICHAEL WASIELEWSKI,<br><br>                Defendants. | Case No. 21-CV-588-JPS<br><br><br>**ORDER** |

      Plaintiff Terrance Lavell Kirksey ("Plaintiff"), an inmate at Waupun Correctional Institution, is a frequent filer in this district and the Court has previously found him to have abused his right of access to the courts with wholly frivolous filings. ECF No. 13 at 5. Given that finding, on January 21, 2022, the Court imposed a filing bar on Plaintiff so that he could proceed with only two cases at a time. *Id*. The filing bar also required that Plaintiff may only file or move to reopen an administratively closed case if he provided the Court with clearly labeled evidence that he had exhausted his administrative remedies. *Id*. The Court's filing bar provided that Plaintiff could move to modify or rescind the filing bar no earlier than three years from the date of the January 21, 2022 order. *Id. at 6*. Following that deadline, Plaintiff filed a motion to rescind the filing bar. ECF No. 55.

      The Court will deny Plaintiff's motion to rescind the filing bar without prejudice. The Court recognizes that it allowed Plaintiff to seek to rescind the filing bar after three years had passed. However, Plaintiff's failure to comply with the Court's order during the filing bar period must

be considered. First, Plaintiff attempted to get around the filing bar by filing cases in the Western District of Wisconsin despite the proper venue being in the Eastern District. *See Kirksey v Parker*, Case No. 22-CV-842-WED (E.D. Wis) (originally filed in the Western District of Wisconsin on February 24, 2022); *Kirksey v. Weinman*, Case No. 23-CV-29 (E.D. Wis.) (originally filed in the Western District of Wisconsin on May 6, 2022). Additionally, Plaintiff has continued to file cases in this district despite the filing bar. As the Court previously recognized, Plaintiff at one point last year attempted to proceed with four cases at the same time. *See* ECF No. 35 at 3 ("With the newly filed cases and the re-opening of Case No. 21-CV-1169, Plaintiff would have four open cases, and this would clearly violate the Court's previous filing ban.").

Given his past filing behavior and Plaintiff's clear attempts to frustrate the Court's filing bar, the Court cannot in good conscience rescind the filing bar at this time. "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U. S. 32, 44-45 (1991)). The Court finds that Plaintiff's failure to abide by the previously imposed filing bar has abused the judicial process. Plaintiff is certainly entitled to his day in court, but he is not entitled to the expend judicial resources to the detriment of others who follow the rules. The Court recognizes that a filing bar in perpetuity would be unduly harsh under these circumstances. The Court instead finds that a short extension of the filing bar is necessary to signify that the failure to follow court orders has consequences. The Court will

therefore deny Plaintiff's motion to rescind the filing bar without prejudice. Plaintiff may seek leave of the Court to rescind the filing bar any time after **January 21, 2026**. The Court warns Plaintiff that his ability to comply with the filing bar will be considered in deciding any future motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to rescind the filing bar, ECF No. 55, be and the same is hereby **DENIED without prejudice**; Plaintiff may seek leave of the Court to rescind the filing bar any time after **January 21, 2026**.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge